NO. 07-08-0480-CR
NO. 07-08-0481-CR
NO. 07-08-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 20, 2009

_____

ANGEL HERNANDEZ CASTANEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NOS. B 3191-0809; B 3192-0809; & B 3193-0809; HONORABLE ED SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following pleas of not guilty, Appellant, Angel Hernandez Castaneda, was convicted by a jury of aggravated sexual assault in cause number B 3191-0809, aggravated kidnapping in cause number B 3192-0809, and burglary of a habitation in cause number B 3193-0809. Respectively, Appellant was sentenced to ninety-nine years confinement

and a $10,000 fine, ten years confinement and a $5,000 fine,[1] and ninety-nine years confinement and a $10,000 fine. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel has candidly discussed why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant thirty days in which

---

[1] During the punishment phase, the trial court revised the charge on the aggravated kidnapping offense to that of a second degree felony finding that Appellant voluntarily released the victim in a safe place. Tex. Penal Code Ann. § 20.04(d) (Vernon 2003).

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, at 408 n.22 & at 411 n.35.

to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409, n.23. Appellant filed a response. The State did not favor us with a brief.

By the *Anders* brief, counsel raises a potential issue of legal and factual sufficiency of the evidence. He then concludes after a review of all the evidence that under the appropriate standards of review, reversal is not required.

By the pro se response, Appellant mistakenly believes that counsel has already been permitted to withdraw from this appeal and requests that the *Anders* brief be "dismissed" so that he may present the merits of his appeal.[4] He alleges his appellate attorney is ineffective for filing the *Anders* brief and also alleges the circumstantial evidence is weak.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel that there are no

---

[4]Although an attorney who files an *Anders* brief is required to file a motion to withdraw pursuant to *In re Schulman*, 252 S.W.3d at 408, the motion to withdraw may not be granted until this Court makes an independent review of the appeal to determine whether it is frivolous. *Penson v. Ohio*, 488 U.S. 75, 82-84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). When an appellate court agrees with counsel that the appeal is without merit, the motion to withdraw is granted. *Id.*

plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgments are affirmed.

Patrick A. Pirtle
Justice

Do not publish.